MATHEWS, Justice.
Although no fraud is charged, the relationship between Cook and the City authorities is set forth in the bill of complaint. The cases of City of Leesburg v. Ware, 113 Fla. 760, 153 So. 87; City of Stuart v. Green, 156 Fla. 551, 23 So.2d 831; and City of Miami v. Benson, Fla., 63 So.2d 916, where chancery cases. No fraud or bribery was alleged in these cases but it was charged that an agent or employee or-officer of the city was acting in a dual capacity and- could not serve two masters. It appears that the allegations are sufficient to show a fiduciary relationship, and that the same is sufficient. to give a court of equity jurisdiction.
The bill alleged that the Town Council consulted with the defendant,- Cook, with regard to the water system; that he gave his advice and recommendations; that the Town Council relied upon Cook as its agent; that Cook made no disclosure to the Town Council of any interest in the matter which might conflict with the City or color his advice upon which the town officials reliéd; that they authorized Cook to get an option on ,the .property not to exceed $400,Q00 and Cook agreed to do so; that Cook, while serving as agent of the Town, obtained an option in his own individual name for $305,000 and at the same time advised the Town that the .waterworks system could be purchased for a sum not exceeding $400,000. The above allegations, together with others in the bill of complaint, were sufficient as to Cook. They were not sufficient as to Cromer because there are no sufficient allegations as to Cromer’s connection with Cook or that *557 there was any conspiracy or agreement between Cromer and C;ook, which would make Cromer a proper party to the suit. From the facts which are alleged in the bill, of complaint, it - appears that the complaints may have gone further and alleged what agreement there was, if any,.between.Cook and Cromer. For that reason it seems that the bill of complaint should be -dismissed as to Cromer with leave to amend.
It is true the bill of complaint does not allege that the complainants had made any demand upon the City, officials to take action. No demand is necessary where the circumstances are such .as to indicate that such request would be unavailing. See 64 C.J.S., Municipal Corporations, § 2158, p. 984. In this case the Circuit Judge was familiar With the history of this undertaking by the Town. The records of his Cou'rt and'of this Court show part of the history. The' Town officials were'made a party to the original bill of complaint. These officials resisted the relief sought by the respondents here and were successful in having the bill of complaint dismissed as to them. This is a circumstance which would justify the Chancellor in coming to the conclusion that any request to the City officials for action or relief would have beep unavailing as the City officials apparently were, interested in seeing the contract fully complied with notwithstanding the fact that Cook or his accomplices are allegedly going to make a secret profit of $95,000.
It is urged that specific relief- prayed for cannot -be granted because any money saved must be used to pay the principal and interest of bonds involved. There is no' merit in this contention. The money is public money and if it is to be used to pay principal and interest of the bonds, then the bonds would be paid off earlier than anticipated and the utility would be available to the Town, either for reduction of rates, or to use the revenue for other municipal purposes as authorized in its charter.
The petition for certiorari be and the same is hereby granted, and the order denying the motion to dismiss the bill of complaint, as to Howard L. Cromer, be and the same is hereby quashed, with directions to enter- an order granting the motion of Howard L. Cromer to. dismiss the bill of complajnt as to him, with leave for the respondents to file an amended bill of complaint, or such amendments, as they may be advised, as to Howard L. -Cromer.
ROBERTS, C. J., and TERRELL and HOBSON, JJ., concur.'