MATHEWS, Chief Justice.
In the case of Cromer v. Layton, Fla., 64 So.2d 556, we held that the allegations of the bill of complaint were sufficient as to Cook. In that case we said:
“* * * It appears that the allegations are sufficient to show a fiduciary relationship, and that the same is sufficient to give a court of equity jurisdiction.
“The bill alleged that the Town Council consulted with the defendant, Cook, with regard to the water system; that he gave his advice and recommendations; that the Town Council relied upon Cook as its agent; that Cook made no disclosure to the Town Council of any interest in the matter which might conflict with the City or color his advice upon which the town officials relied; that they authorized Cook to get an option on the property not to exceed $400,000 and Cook agreed to do so; that Cook, while serving as agent of the Town, obtained an option in his own individual name for $305,000 and at the same time advised the Town that the waterworks system could be purchased for a sum not exceeding $400,000. The above allegations, together with others in the bill of complaint, were sufficient as to Cook. * * *”
The Court did not pass upon the sufficiency of any evidence to sustain the allegations of the bill of complaint as to Cook. After further amendments and proceedings in the court below in compliance with the opinion in Cromer v. Layton, supra, the case came on for trial before the Chancellor and he made and entered a final decree which contains findings of fact and conclusions of law. By the decree the Chancellor found that Cook should restore to the Town the profit which he received in transferring his option for the waterworks system of $95,000 and that the Town of Riviera Beach do have and recover the said sum.
The Court’s decree was based upon its finding that Cook was a fiduciary of the Town. It is apparent that in making this finding or reaching this conclusion, the Court applied the wrong rule of law. Under the facts and circumstances shown by this case Cook was never the fiduciary, or agent, of the Town but was dealing for himself in *692 securing' an option for' a waterworks system and in all of his dealings concerning said option. The burden of proof was upon the appellees in this case and they wholly and completely failed to meet the burden cast upon them. The waterworks plant involved was known as the Palm Beach Shares System. At an informal meeting attended by the attorney for the Town, Mr. Cook and Engineer Brockway, there was discussion concerning the purchase of the Palm Beach Shores System. This was an informal meeting and binding upon no one. At this meeting Cook was not instructed to do anything.
 No good purpose can be served by a summary of all the testimony in this case. It is sufficient to say that Cook was not employed or retained by the municipality in this transaction^ He frankly stated that he was dealing with Palm Beach Shores for the water system. He finally advised the Council that he had an option on this water system and that it could be made available to the Town of Riviera Beach for $400,000. The issue -was presented to the Town by Mr. Cook saying that it (The Council) could take it or leave it. There is no need to speculate on what Cook could have done with the water plant. That was his business. He could expand it and sell water to customers or he could sell it to the Town of Riviera Beach or anyone else for a price. He named his price and it was up to the Town to take it or leave it. As testified to by Knoth, a member of the Town Council, Cook "simply laid it on the line as a business deal, and he said, ‘Here it is.’ It was up to us to take it or leave it.” The Town could not make Cook its agent, or fiduciary, against his will.
It is true that Cook made no statement as to what he was going to pay for the system and he was not required to make such a disclosure unless he was acting for the Town as a fiduciary. It i's plain that he was acting for himself and owed no duty to the Town to' disclose the price he was required to pay Palm Beach Shores for the system.
Reversed, with directions to dismiss the bill of complaint.
SEBRING, HOBSON and ROBERTS, JJ., concur.